In the Matter of ARTHUR VON BLOMBERG, Petitioner, v. LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated February 16, 1972 and made after a hearing, which fined petitioner 15 days' pay. Petition granted, on the law, to the extent of modifying the determination by reducing the penalty to a censure. As so modified, determination confirmed, without costs. Under the circumstances of this case and in view of petitioner's prior unblemished record, the penalty imposed was an abuse of discretion. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

In the Matter of PEGGY I. H. (Anonymous), Respondent, v. RICARDO A. W. (Anonymous), Appellant.— In a paternity proceeding, the appeal is from an order of filiation of the Family Court, Kings County, dated June 25, 1971. Order reversed, on the law and the facts, without costs, and petition dismissed. In our opinion the proof of paternity was not sustained by clear and convincing evidence. Shapiro, Gulotta, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., dissents and votes to affirm.

17    In the Matter of UNIVERSITY FOREST CORP. et al., Appellants, v. ASSESSOR OF THE TOWN OF WARWICK et al., Respondents.— Judgment of the Supreme Court, Orange County, dated November 17, 1971, affirmed, with $10 costs and disbursements (*Matter of Putterman* v. *Tvedt*, 28 A D 2d 852; *Matter of City of New York* v. *Christensen*, 30 A D 2d 700, affd. 24 N Y 2d 1002), Munder, Acting P. J., Latham, Gulotta and Christ, JJ., concur; Benjamin, J., concurs upon the constraint of the cases cited in the above memorandum.

In the Matter of VILLAGE OF PLEASANTVILLE, Respondent, v. LISA'S COCKTAIL LOUNGE, INC., Respondent, and STATE LIQUOR AUTHORITY et al., Appellants.— In a proceeding under section 123 of the Alcoholic Beverage Control Law (a) to annul the State Liquor Authority's approval of an application by Lisa's Cocktail Lounge, Inc. for a tavern liquor license and (b) to direct remission of the matter to the Authority for a new hearing at which petitioner will be authorized to present testimony, the Authority and the Westchester County Alcoholic Beverage Control Board appeal from a judgment of the Supreme Court, Westchester County, dated April 25, 1972, which granted the petition to the extent of (1) remitting the matter to the Authority for a new hearing and (2) directing that petitioner shall be permitted full intervention and participation, including certain specified rights, at the new hearing. Judgment affirmed, with costs to petitioner-respondent against appellant State Liquor Authority. In our opinion, petitioner should have been permitted to intervene and participate at the hearing held by the State Liquor Authority (*Matter of Village of Pleasantville* v. *Lisa's Cocktail Lounge*, 37 A D 2d 848, mot. for lv. to app. den., 30 N Y 2d 483). Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan JJ., concur.